UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LOIS KAMINSKI, Individually and
as Administratrix of the Estate of
James F. Fitzgerald, deceased,

      Plaintiff,      5:13-cv-1478
                  (GLS/ATB)
    v.

JOSEPH P. MARKHAM, M.D. et
al.,

      Defendants.
_____

## SUMMARY ORDER

  Pending is a motion filed by defendants Pulaski Health Center (PHC) and Elaine J. Shaben, N.P., seeking to substitute the United States as defendant in this action, and to subsequently dismiss the claims against the United States. (Dkt. No. 3.) Plaintiff Lois Kaminski, individually and as administratrix of the estate of James F. Fitzgerald, commenced this action in September 2013 in Supreme Court of the State of New York, County of Onondaga. (Dkt. No. 1, Attach. 1 at 2-15.) She alleges negligence and/or medical malpractice against PHC and Shaben, among other defendants, stemming from medical care provided to Fitzgerald from February through May 2012, which ultimately resulted in Fitzgerald's death on May 23, 2012.

(*Id.*)  On November 27, 2013, PHC and Shaben removed the case to this court pursuant to 28 U.S.C. § 1441 and the Federal Tort Claims Act (FTCA).[1]  (Dkt. No. 1.)  PHC and Shaben then filed the pending motion to substitute and dismiss.  (Dkt. No. 3.)  For the reasons that follow, the motion is granted.

The FTCA provides that it shall be the exclusive remedy for "personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."  28 U.S.C. § 2679(b)(1).  Thus, "[u]pon certification . . . that the defendant employee was acting within the scope of his . . . employment at the time of the incident out of which the claim arose, . . . the United States shall be substituted as the party defendant."  *Id.* § 2679(d)(1).  However, a prerequisite to maintaining a tort claim against an entity covered by the FTCA is that "the claimant shall have first presented the claim to the appropriate Federal agency and [her] claim shall have been finally denied by the agency."  *Id.* § 2675(a).

Here, the United States Attorney certified that at all times alleged in Kaminski's complaint, PHC was a facility covered by the FTCA, *see* 42

---

[1] *See* 28 U.S.C. §§ 1346(b), 2671-2680.

U.S.C. § 233(g), and that Shaben was an employee acting within the scope of her employment with PHC. (Dkt. No. 1, Attach. 1 at 21-22.) Defendants therefore argue that the United States must be substituted as a defendant in place of PHC and Shaben, and that, because Kaminski did not first file an administrative claim with the appropriate federal agency prior to commencing this action, the tort claims against the United States must be dismissed. (Dkt. No. 3, Attach. 2 at 3-5.) The court agrees with defendants, and, further, Kaminski does not oppose the motion to substitute and dismiss, as she intends to first "pursue administrative relief with the relevant [a]gency." (Dkt. No. 7.) Therefore, the United States is substituted as defendant in place of PHC and Shaben, and the claims against it are dismissed without prejudice.

Because Kaminski's remaining negligence and malpractice causes of action are issues wholly of state law, the court declines to exercise supplemental jurisdiction over those claims. "In the absence of original federal jurisdiction, the decision of whether to exercise jurisdiction over pendent state law claims is within the court's discretion." *Butler v. LaBarge*, No. 9:09-cv-1106, 2010 WL 3907258, at *3 (N.D.N.Y. Sept. 30, 2010) (citing *Kolari v. N.Y. Presbyterian Hosp.*, 455 F.3d 118, 121-22 (2d

Cir. 2006)). When all federal claims have been dismissed before trial, the balance of factors in deciding whether to exercise jurisdiction over remaining state law claims leans toward dismissal. *Kolari*, 455 F.3d at 122. Accordingly, the court declines jurisdiction over any state law claims and they are dismissed from this action.

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that PHC and Shaben's motion to substitute and dismiss (Dkt. No. 3) is **GRANTED**; and it is further

**ORDERED** that the Clerk substitute the United States as defendant in this action in place of Pulaski Health Center and Elaine J. Shaben, N.P.; and it is further

**ORDERED** that the complaint is **DISMISSED** without prejudice; and it is further

**ORDERED** that the Clerk serve a copy of this Summary Order upon the parties.

**IT IS SO ORDERED.**

June 5, 2014
Albany, New York

*[signature]*
Gary L. Sharpe
Chief Judge
U.S. District Court